IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

RAYMOND HARDY,

          Defendant.
_____

21-CR-6134-CJS



## PLEA AGREEMENT

The defendant, RAYMOND HARDY, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 922(a)(1)(A) (dealing firearms without a license) for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant will also admit the Forfeiture Allegation contained in the Information, which alleges that certain firearms and cartridges are subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).

3.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

4.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that the defendant was not licensed to deal firearms; and

Second, that the defendant willfully engaged in the business of dealing firearms.

## FACTUAL BASIS

5.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a.  The defendant, **RAYMOND HARDY**, admits and agrees that he is not, and never has been, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

    b.  Between in or about the month of April 2020, and on or about July 3, 2020, in Monroe County, in the Western District of New York, and elsewhere, the defendant did knowingly, willfully and unlawfully engage in the business of dealing in firearms without a license. During that time, the defendant sold multiple firearms and rounds of ammunition to individuals in Rochester, New York, in exchange for United States currency.

c.  The defendant's relevant conduct includes the sale of six (6) firearms to a Confidential Source (CS) on two different dates in the month of June 2020. Both of these transactions took place in Rochester. More specifically, during the controlled-buy operations in June 2020, the defendant sold to the CS the following firearms: one (1) Glock 19 semiautomatic pistol, bearing serial number WCG395; one (1) Glock 43X semiautomatic pistol, bearing serial number BNUS942; one (1) Ruger model SR40 semiautomatic pistol, bearing serial number 344-08471; one (1) Diamondback Arms Model DB-15 rifle, bearing serial number DB2424571; one (1) Smith & Wesson Model M&P 15-22 rifle, bearing serial number JAF3244; and one (1) CZ Model CZ52 pistol, bearing serial number AZ1344. All of these firearms were sold to CS in exchange for United States currency.

d.  The defendant's relevant conduct also includes seven (7) firearms recovered during the execution of a search warrant for the vehicle the defendant was traveling in on July 3, 2020. On that date the defendant was stopped by members of the Rochester Police Department while traveling in a gray Nissan Altima, bearing Mississippi license plate number WRC9346 (hereafter the "Altima"). Co-defendants Hakeem Miller and Jahbri Shelton were also present in the Altima when it was stopped by police. The defendant and Miller had advised the CS during the second of the two June 2020 controlled-buy operations described above, that they intended to make a trip to Mississippi to obtain more firearms in approximately one weeks' time. As such, law enforcement had been tracking the group's travel, anticipating that they would be transporting additional firearms to unlawfully sell in Rochester. A search warrant for the Altima was obtained and law enforcement recovered a total of seven (7) firearms from within, along with a number of magazines, rounds of ammunition and other gun parts. The defendant admits and agrees that he, along with his co-defendants, brought these firearms to Rochester in order to unlawfully sell them to others. The firearms recovered are described as follows:

   i.   one (1) Kel-Tec CP33 .22 caliber pistol, bearing serial number M4E30;

   ii.  one (1) Stoeger STR-9, 9mm semiautomatic pistol, bearing serial number T6429-20U05074;

   iii. one (1) Stoeger STR-9, 9mm semiautomatic pistol, bearing serial number T6429-20U05081;

   iv.  one (1) Smith and Wesson SD40VE, .40 caliber pistol, bearing serial number FWR2776;

  v.  one (1) Taurus G2c, 9mm semiautomatic pistol, bearing serial number TLU21231;

  vi.  one (1) Ruger SR9C, 9mm semiautomatic pistol, bearing serial number 336-53179;

  vii.  one (1) American Tactical Omni-Hybrid MZXX AR-15, .223 caliber rifle, bearing serial number NS245218, which was reported stolen by the Greenville Mississippi Police Department on or about April 8, 2020.

 e. The defendant admits and agrees that at least eight (8) firearms but less than twenty-five (25) firearms is the number of firearms involved in the defendant's relevant conduct encompassed in the Information, which could be readily proven by the government at trial or at a sentencing hearing.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines § 2K2.1(a)(7) applies to the offense of conviction and provides for a base offense level of 12.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristics do apply:

 a. the four-level increase pursuant to Guidelines § 2K2.1(b)(1)(B) (offense involved 8-24 firearms); and

 b. the two-level increase pursuant to Guidelines §2K2.1(b)(4)(A) (offense involved a stolen firearm).

9. The government maintains that the following specific offense characteristic does apply:

    a. the four-level increase pursuant to Guidelines § 2K2.1(b)(5) (engaging in the trafficking of firearms).

10. The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase pursuant to Guidelines §2K2.1(b)(5) does not apply.

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that if the Court finds at sentencing that the four-level increase pursuant to Guidelines § 2K2.1(b)(5) applies, the adjusted offense level for the offense of conviction would be 22. It is the further understanding of the government and the defendant that if the Court finds at sentencing that the four-level increase pursuant to Guidelines § 2K2.1(b)(5) does not apply, the adjusted offense level for the offense of conviction would be 18.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 19 if the Court finds at sentencing that the four-level increase pursuant to Guidelines § 2K2.1(b)(5) applies, or 15 if the Court finds at sentencing that the four-level increase pursuant to Guidelines § 2K2.1(b)(5) does not apply.

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. (a) It is the understanding of the government and the defendant that, with a total offense level of **19** and a criminal history category of **II**, the defendant's sentencing range would be a term of imprisonment of **33 to 41** months, a fine of **$10,000** to **$100,000**, and a period of supervised release of **1 to 3** years.

(b) It is the further understanding of the government and the defendant that, with a total offense level of **15** and a criminal history category of **II**, the defendant's sentencing range would be a term of imprisonment of **21 to 27** months, a fine of $7,500 to $75,000 and a period of supervised release of **1 to 3** years.

(c) Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

15. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines ranges set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range.

6

This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

17. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.　STATUTE OF LIMITATIONS

18. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or the vacating of the conviction becomes final.

## V.　REMOVAL

19. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if

convicted, the defendant may be removed from the Untied States, denied citizenship, and denied admission to the United States in the future.

### VI. GOVERNMENT RIGHTS AND RESERVATIONS

20. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21. At sentencing, the government will move to dismiss Criminal Complaint 20-MJ-754 pending against the defendant.

22. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

23.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14(b), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  FORFEITURE PROVISIONS

### FIREARMS AND AMMUNITION FORFEITURE

26. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes:

a. one (1) Kel-Tec CP33 .22 caliber pistol, bearing serial number M4E30, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

b. one (1) Stoeger STR-9, 9mm semiautomatic pistol, bearing serial number T6429-20U05074, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

c. one (1) Stoeger STR-9, 9mm semiautomatic pistol, bearing serial number T6429-20U05081, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

d. one (1) Smith and Wesson SD40VE, .40 caliber pistol, bearing serial number FWR2776, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

e. one (1) Taurus G2c, 9mm semiautomatic pistol, bearing serial number TLU21231, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

f. one (1) Ruger SR9C, 9mm semiautomatic pistol, bearing serial number 336-53179, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    g.    one (1) American Tactical Omni-Hybrid MZXX AR-15, .223 caliber rifle, bearing serial number NS245218, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    h.    one (1) box of .40 caliber cartridges, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    i.    twenty-three (23) .22 caliber cartridges, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    j.    twenty-eight (28) rounds of 5.56 caliber cartridges, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    k.    three (3) boxes of .22 caliber cartridges and miscellaneous firearm parts, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    l.    nine (9) rounds of 9mm caliber cartridges, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York;

    m.    twenty-three (23) rounds of 9mm caliber cartridges, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York; and

    n.    one (1) 5.56 caliber extended magazine, seized on or about July 3, 2020, during the execution of a search warrant for a gray Nissan Altima, bearing Mississippi license plate number WRC9346, in Rochester, New York.

27.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice

of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

29. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

30. The defendant agrees to voluntarily abandon all of the items seized during the search warrant executed by law enforcement of a gray Nissan Altima, bearing Mississippi license plate number WRC9346, on July 3, 2020, and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim.

31. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the aforementioned property and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

32. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearm and ammunition survives and shall be given full force and effect.

### IX.   TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, **RAYMOND HARDY**, and the government. There are no promises made by anyone other

than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
MATTHEW T. MCGRATH
Assistant U.S. Attorney

Dated: September 23, 2021

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Wedade W. Abdallah, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
RAYMOND HARDY
Defendant

Dated: September 23, 2021

_____
WEDADE W. ABDALLAH, ESQ.
Attorney for the Defendant

Dated: September 23, 2021