IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                     21-CR-6134-CJS

RAYMOND HARDY,

                Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government hereby adopts all findings of the Pre-Sentence Investigation Report (PSR) (dated November 22, 2021) with respect to sentencing factors in this action, with the exception of the applicability of Guidelines Section 2K2.1(b)(5).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) resulting in a total offense level of 19 or 15, depending on the Court's determination as to the applicability of U.S.S.G. § 2K2.1(b)(5).

The parties reserved their rights to argue the applicability of Guidelines Section 2K2.1(b)(5) at the time of sentencing. The PSR concludes that the four (4) level increase

pursuant to this section should not apply, in agreement with the defendant's calculations, resulting in an adjusted offense level of 15. At Criminal History Level II this results in an advisory sentencing range of 21 to 27 months' imprisonment, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years. The government maintains its position that the four (4) level enhancement pursuant to Guidelines Section 2K2.1(b)(5) should apply, resulting in an adjusted offense level of 19. At Criminal History Level II, this results in an advisory sentencing range of 33 to 41 months' imprisonment, a fine of $10,000.00 to $100,000.00 and a period of supervised release of 1 to 3 years. The bases for the government's position on this issue are set forth in its sentencing memorandum dated December 13, 2021.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

      Asset Forfeiture/Financial Litigation Unit
      U.S. Attorney's Office WDNY
      138 Delaware Avenue
      Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

## **FORFEITURE**

Section VIII of the Plea Agreement (Dkt. No. 71) includes a Forfeiture Provision regarding the firearms and ammunitions previously seized by law enforcement. The government respectfully requests that the forfeiture provision be reflected in the final judgement of conviction.

DATED:   Rochester, New York, December 13, 2021.

                Respectfully submitted,

                TRINI E. ROSS
                United States Attorney


BY:     s/MATTHEW T. MCGRATH
                Assistant United States Attorney
                United States Attorney's Office
                Western District of New York
                500 Federal Courthouse
                100 State Street
                Rochester, New York 14614
                585/399-3965
                matthew.mcgrath@usdoj.gov


TO:   Wendy W. Abdallah, Esq.
       Counsel for the Defendant

       Jacquelyn Finucane
       United States Probation Officer